IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ventura Garcia,<br>*a/k/a Ventura Garcia Olvera*<br>        Petitioner,<br><br>v.<br><br>Warden Janson,<br><br>        Respondent. | C/A No. 8:23-cv-1619-JFA-JDA<br><br><br><br>**OPINION AND ORDER** |

### I. INTRODUCTION

Petitioner Ventura Garcia, ("Petitioner"), proceeding pro se, brings this action for habeas corpus relief under 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that the petition is subject to summary dismissal. (ECF No. 10). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner filed objections to the Report on May 17, 2023. (ECF No. 18). Thus, this matter is ripe for review.

### II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. &*

1

*Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report and therefore no further recitation is necessary here. (ECF No. 10). In short, Petitioner is challenging the BOP's failure to properly reduce his sentence via "good time" credits. The Magistrate Judge recommends that the petition be dismissed because Petitioner has failed to exhaust his administrative remedies.

In response to the Report, Petitioner has advanced one identifiable objection: that the exhaustion requirement should be excused because the administrative remedies at FCI Edgefield are "unavailable and inadequate." (ECF No. 18, p. 2). In support of this argument, Petitioner attaches an affidavit from a fellow inmate who avers that the "administrative remedy process at FCI Edgefield is inadequate and unreliable." (ECF No. 18-2). Further, the "administrative process is virtually non-existent for non-English speaking inmates." *Id.* This affidavit also asserts that case works routinely misplace forms and have trouble communicating with non-English speakers. Petitioner offers no support for his contentions other than this affidavit from a fellow inmate.

The court finds these assertions are insufficient to overcome the requirement that Petitioner exhaust his administrative remedies. It is true that a court may excuse a failure to exhaust administrative remedies, but only upon a showing of cause and prejudice. Baseless assertions from a fellow inmate that case managers routinely misplace grievance forms is insufficient to show how this Petitioner has suffered any prejudice. Petitioner has not shown that he has even attempted to initiate a grievance process, let alone encountered an instance of prejudice.

As stated in the Report, "this is precisely the type of case which requires a fully developed administrative record so that the Court may evaluate the BOP's calculation of time to be credited to Petitioner's sentence." (ECF No. 10, p. 10). Petitioner's vague allegations of inadequate

remedies do not rise to a level excusing his failure to exhaust. Thus, Petitioner's objection is overruled.

### IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 10). For the reasons discussed above and in the Report, the Petition is dismissed without prejudice and without requiring the Respondent to file an answer or return.

IT IS SO ORDERED.

May 19, 2023
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge